**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LIJUN GU,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-10289 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Amended Petition") (ECF No. 4) and motion for a temporary restraining order ("Motion") (ECF No. 9) filed by Petitioner Lijun Gu.

2. Petitioner is a citizen of the People's Republic of China. (*Id.* ¶ 1). He lawfully entered the United States on a nonimmigrant vias on or about March 6, 2023. (*Id.*) The visa expired on September 5, 2023. (ECF No. 6-1 at 4).

3. Petitioner filed an application for asylum and withholding of removal on July 6, 2023. (*Id.*) The application is still pending. (*Id.*)

4. A warrant for Petitioner's arrest was issued on August 10, 2026 and stated that it was based on "the execution of a charging document to initiate removal proceedings against" Petitioner. (ECF No. 6-4 at 2). It was digitally signed at 5:26 p.m. (*Id.*)

5. Petitioner was arrested at 6:12 a.m. on August 11, 2026 at LaGuardia Airport. (ECF No. 6-1 at 3). At 9:26 a.m., ICE made its initial detention decision. (ECF No. 6-6 at 2).

6. A Notice to Appear ("NTA") was issued on August 11, 2026 and was uploaded to the Executive Office for Immigration Review's case management system at 10:16 a.m. (ECF No.

6-5 at 2). Petitioner was served the warrant at 26 Federal Plaza, New York, New York that same day at an unknown time. (ECF No. 6-4 at 2).

7. A bond hearing was scheduled for August 18, 2026 in Brooklyn, New York. (ECF No. 6-2 at 2). However, the hearing was "denied as moot" on August 17, 2026 because Petitioner was transferred to New Jersey. (ECF No. 6-3 at 2). Petitioner was informed that he could request a hearing "with the Immigration Court that has administrative control over the new detention location." (*Id.*)[1]

8. He has been detained in Delaney Hall Detention Facility, New Jersey since that time. (ECF No. 4 ¶ 1).

9. Petitioner filed his original petition on August 13, 2026, with the Amended Petition following on August 16, 2026. (ECF Nos. 1 & 4). Petitioner argues Respondents violated 8 U.S.C. § 1226 as the August 10, 2026 warrant predates the August 11, 2026 NTA. (ECF No. 7 at 6; *see also* ECF No. 6-4, ECF No. 6-5).

10. Respondents filed an answer on August 18, 2026, stating that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and must pursue a bond hearing before resorting to habeas relief. (ECF No. 6 at 3).

11. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

[1] The exact date of Petitioner's transfer to New Jersey is unclear, but Respondents do not assert that this Court lacks jurisdiction over the Amended Petition. (*See generally* ECF No. 6).

12. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13. "On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a).

14. "The NTA is the immigration version of a 'charging instrument,' and the I-200 is the warrant that follows." *Yeleshev v. Larocco*, No. 26-cv-2294, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026), *appeal filed* No. 26-1898 (2d Cir. July 13, 2026).

15. The justification for the warrant—the execution of a charging document—cannot be true because the NTA was not issued until August 11, 2026. (ECF No. 6-5 at 2).

16. Respondents have not explained the discrepancy, but it cannot be explained by an administrative delay because the same immigration officer, Jorge A. Maldonado, issued both the warrant and NTA. (ECF No. 6-4 at 2; ECF No. 6-5 at 2).

17. "There is little caselaw to evaluate the effect of a material misstatement in an I-200 administrative warrant." *Yeleshev*, 2026 WL 1353806, at *7. In the criminal context, "an arrest warrant's invalidity does not automatically invalidate an arrest if the officer had independent probable cause to effectuate the arrest. To that end, where there is no independent probable cause, and the warrant is invalid, the arrest is also illegal." *Id.* (internal citations omitted).

18. Moreover, "[t]he Immigration and Nationality Act ('INA') permits immigration officers to arrest a noncitizen without a warrant if that individual 'is likely to escape before a

warrant can be obtained for his arrest.'" *Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 n.2 (D.N.J. Sept. 18, 2026) (quoting 8 U.S.C. § 1357(a)(2)).

19. However, Respondents do not argue that Petitioner's arrest was otherwise supported by probable cause or that they had reason to believe that Petitioner was likely to escape before the warrant could issue. They simply rely on Petitioner's ability to request a bond hearing as justification for denying the Petition. (*See generally* ECF No. 6). This Court will not address a defense that was not made. *See Clark v. Sweeney*, 607 U.S. 7, 8 (2026) (per curiam) (reversing decision after court "departed dramatically from the principle of party presentation … .")

20. Section 1226's implementing regulations state that "*[a]t the time of issuance* of the notice to appear, *or at any time thereafter and up to the time removal proceedings are completed*, the [noncitizen] may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1) (emphasis added).

21. "Whatever the full contours of 'at that time of,' the phrase does not encompass issuing an NTA after the Petitioner has already been arrested and transported to a detention facility. The warrant's execution cannot precede the NTA—that is, ICE cannot arrest the individual pursuant to an I-200 before an NTA has issued. But here, the arrest was effectuated before the NTA was created. That flaw renders the warrant and the arrest invalid." *Yeleshev*, 2026 WL 1353806, at *4; *see also Okeke v. Maldonado*, No. 26-cv-2714, 2026 WL 2056904, at *4 (E.D.N.Y. July 16, 2026) ("Respondents did not have a valid NTA in place at the time of Petitioner's arrest on May 2, 2026. Accordingly, when ICE arrested Petitioner, they had no authority to do so, which is a dispositive and independent basis to grant the writ." (cleaned up)).

22. On the facts and arguments before it, this Court finds that Petitioner's arrest and detention violate 8 U.S.C. § 1226(a) because the arrest warrant was issued, and petitioner was

detained, before the NTA was issued despite the arrest warrant listing the issuance of a charging document as the sole justification for the warrant.

23. This Court cannot say that ICE's initial custody determination independently justifies Petitioner's current detention because that decision was made by Officer Maldonado, the same immigration officer who issued the warrant and NTA. (ECF No. 6-4 at 2; ECF No. 6-5 at 2; ECF No. 6-6 at 2).

24. Therefore, this Court will order Petitioner's release on these specific facts.

25. An appropriate order follows.

SDWigenton

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 30, 2026